IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                   **No. CR 06-1295 BB**

**JESUS HURTADO-FIERRO,**

      **Defendant.**

## MEMORANDUM OPINION
## AND
## ORDER GRANTING MOTION TO VACATE PLEA

**THIS MATTER** is before the Court on the Government's *Motion to Withdraw From Plea Agreement* [Doc. 15], and the Court having reviewed the briefs of counsel and files of the probation office previously produced, and having heard the arguments of counsel on October 16, 2006, finds the motion is supported by both fact and law.

## DISCUSSION

The parties negotiated a standard "Fast Track" plea agreement in which either party had the right to withdraw from the agreement. Specifically, the Government retained the right to withdraw the plea agreement if it learned, prior to sentencing, that Defendant had a "crime of violence" conviction, and therefore would no longer qualify for the benefit of a "Fast Track" agreement. That contingency has occurred and the Government now seeks to rely on the provision allowing it to withdraw from the

11(c)(1)(C) plea agreement. Defendant seeks to enforce the stipulation in the plea agreement giving him the promised adjusted offense level of 9.

Defendant's initial felony history indicated he was convicted in 1994 of "negligent child abuse" in New Mexico State Court. Assuming this was not a "crime of violence" under the United States Sentencing Guideline ("U.S.S.G.") § 2L1.2, the Government agreed to a guideline range of 9. When the probation officer reviewed the documents supporting the State conviction, he was persuaded the conviction was a crime of violence and recommended a 16-level increase. The indictment in that case stated that Defendant "knowingly, intentionally or negligently caused a child to be placed in a situation that may endanger her life or health, to wit: bit and/or sucked her skin until she bruised, and/or tortured or cruelly punished the child contrary to NMSA 1978 § 30-6-1."

Section 30-6-1 allows for conviction on acts that would not likely be considered violent crimes, *e.g.*, "to be exposed to inclement weather." However, it also provides for conviction based on acts such as "torture" or cruel punishment which would generally involve violence. Ambiguity in the statute allows the Court to look behind the statute to the charging and judgment documents underlying the prior conviction. *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000). The plea agreement provides it is "based upon the information currently known to both parties, specifically, that the defendant has no felony conviction that qualifies as a conviction under U.S.S.G. § 2L1.2A(b)(1)(A), § 2L1.2(b)(1)(B) or § 2L1.2(b)(1)(C) (or not more than two convictions for

misdemeanors as defined in § 2L1.2(b)(1)(E)) which became final prior to the defendant's most recent removal from the United States [AND] [i]f the United States learns, prior to sentencing in this matter, that the defendant has one or more such convictions, the United States reserves the right, in its sole discretion, to withdraw this plea agreement." Plea Agr. ¶ 8(a).  Given this language, both contract law and equity dictate the Government must be allowed to withdraw from its plea agreement. *United States v. Rodriguez-Delma*, 456 F.3d 1246 (10th Cir. 2006) (principles of contract law govern obligations under plea agreement); *United States v. Mejia*, 69 F.3d 309 (9th Cir. 1995) (parties should be allowed from conditional plea if ruling that forms basis of the plea is found erroneous).

## ORDER

For the above stated reasons, the Government's *Motion to Withdraw From Plea Agreement* is GRANTED, and this matter shall be set for trial on the next docket.

Dated this 28th day of November, 2006.

                                                  **BRUCE D. BLACK**
                                                  **United States District Judge**